Case 4:13-cv-00861-A Document 7 Filed 02/06/14 Page 1 of 9 PageID 79

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB - 6 2014

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:13-CV-861-A |
| | § | (NO. 4:12-CR-081-A) |
| JOEL LIMBRICK | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for decision is a motion filed by Joel Limbrick ("movant") on October 18, 2013, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. After having considered such motion, the government's response thereto, movant's reply, and applicable legal authorities, the court has concluded that such motion should be denied.

I.

Background, and Grounds of the Motion

Movant pleaded guilty on June 7, 2012, to the count of a superseding indictment charging him with Possession of Access Device-Making Equipment, in violation of 18 U.S.C. § 1029(a)(4) and (c)(1)(A)(ii). On October 26, 2012, the court sentenced movant to a term of imprisonment of 180 months, to be followed by a three-year term of supervised release, and an obligation to make restitution in the amount of $36,180.00 and to pay a special

assessment of $100.00. Movant filed an out-of-time direct appeal, which was summarily dismissed. United States v. Limbrick, No. 13-10111 (5th Cir. June 25, 2013). He filed his § 2255 motion on October 18, 2013.

Movant sets forth in his motion the following two grounds for relief:

> Improper Guidelines Calculations Based On The Following:
> 1. Loss Calculations Inaccurate
> 2. Victim Enhancement Improper
> 3. Leadership Role Improper
> 4. Impermissible Double Counting
> 5. Criminal History Category Incorrect
>
> * * * * *
>
> Ineffective Assistance of Counsel for allowing Petitioner to plead:
> * Involuntary Plea
> * Unintelligent Plea

Mot. at 5-6.

The motion was supported by a memorandum of law that appears to expand on the grounds of the motion by arguing ineffective assistance of counsel for the reasons that his counsel allegedly "failed to do any pre-trial/plea investigation, move for departures, present mitigating factors to the Court, and to adequately prepare for Petitioner's sentencing." Mem. at unnumbered pages 14-15. However, the memorandum does not provide

2

additional argument or authorities in support of those further reasons, so they will not be considered to be separate grounds.

II.

Pertinent Legal Standards

A. Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge her conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for her procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of

3

habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 697. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 131 S. Ct. 770, 792 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide

4

range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 689.

III.

<u>Analysis</u>

Having not been raised in a direct appeal, none of the issues raised by movant's Ground One are proper to be considered in a habeas context unless there is a cause for the default and prejudice as a result. <u>United States v. Kallestad</u>, 236 F.3d 225, 227 (5th Cir. 2000); <u>United States v. Cervantes</u>, 132 F.3d 1106, 1109 (5th Cir. 1998). While not articulately stated in his motion or memorandum, the court assumes that movant maintains that he has cause in the form of ineffective assistance of counsel for his failure to raise the sentencing guideline issues on appeal, and that he suffered prejudice as a result of the default. The court will consider movant's grounds in that context. In doing so, the court necessarily touches on the substantive merit of movant's alleged improper guideline calculations.

The court considers first movant's argument that the loss calculations were improper. The court rejects movant's argument on that subject. He insists that the court should not have considered intended loss, and should not have given effect to the $500 per access device minimum contemplated by the sentencing

5

guidelines. Upon a review of the record, the court is satisfied that the loss amount attributed to movant for guideline calculation purposes was proper, and that had his counsel objected to the loss calculation used by the court, the objection would have been without merit. A "[c]ounsel is not deficit for, and prejudice does not issue from, failure to raise a legally meritless claim." Smith v. Puckett, 907 F.2d 581, 585 n.6 (5th Cir. 1990).

Similarly, the court concludes that the four-level increase based on the number of victims was properly applied, with the consequence that movant's counsel was not insufficient for failing to object to that increase. By the same token, the record establishes that movant's scheme involved five or more of his recruits. His counsel's failure to object to the four-level increase based on movant's status as a leader or organizer of criminal activity that involved five or more participants did not constitute ineffective assistance of counsel.

Movant's arguments in support of his "Impermissible Double Counting" and "Criminal History Category Incorrect" appear to be combined in his supporting memorandum under the heading "Criminal History Background." Mem. at unnumbered pages 13-14. His argument is virtually incoherent. Movant has not shown any error in the assignment to him of criminal history points. It follows

that he has not shown that his counsel was ineffective for failing to complain on that subject.

The record does not contain anything that would support movant's contention that his counsel was ineffective for allowing him to plead guilty, nor is there anything in the record that suggests that movant entered an involuntary or unintelligent plea.

Recitations made by movant in his plea agreement establish that movant knew exactly what his sentencing exposure was at the time he entered his plea of guilty and that he understood that the court would decide what sentence of imprisonment to impose up to the statutory maximum of fifteen years. Movant agreed that he "fully [understood] that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court." Plea Agreement at 2, ¶ 3. The factual resume he signed on June 6, 2012, specifically stated that "[t]he penalties the Court can impose include . . . imprisonment for a period not to exceed fifteen (15) years." Factual Resume at 1.

At the rearraignment hearing, movant said he understood that he was subjecting himself to a term of imprisonment of fifteen years if he were to plead guilty. Tr. of Rearraignment at 17. At the conclusion of movant's rearraignment hearing, and after

7

movant had entered his plea of guilty, the court found that movant was:

> fully competent and capable of entering an informed plea, and that his plea of guilty to the offense charged by Count 1 of the superseding indictment is a knowing and voluntary plea, supported by an independent basis in fact containing each of the essential elements of the offense charged by Count 1 of the superseding indictment, and that such plea did not result from force, threats, or promises, other than those set forth in the plea agreement.

<u>Id.</u> at 35. Movant has provided nothing in support of his § 2255 motion to persuade the court that any of those findings were in error. The court remains satisfied that movant's plea of guilty was knowing and voluntary. He has not provided any basis for a conclusion that his counsel was ineffective for allowing him to plead guilty.

For the reasons given above, the court is denying all relief movant sought by his motion under § 2255.

IV.

Order

Therefore,

The court ORDERS that movant's § 2255 motion, and all relief sought thereby be, and are hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C.

§ 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED February 6, 2014.

/s/ John McBryde
_____
JOHN McBRYDE
United States District Judge